## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 18 2018, 8:24 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kristin A. Mulholland
Appellate Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Assistant Section Chief, Criminal Appeals
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

John Dale Prgomelja,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

October 18, 2018

Court of Appeals Case No.
18A-CR-1300

Appeal from the Lake Superior Court

The Honorable Clarence D. Murray, Judge

Trial Court Cause No.
45G02-1705-FA-1

**Bailey, Judge.**

# Case Summary

[1] John Dale Prgomelja ("Prgomelja") pleaded guilty to Child Molesting, as a Level 3 felony,[1] and received an advisory sentence of nine years in the Indiana Department of Correction with one year suspended to probation. Prgomelja now appeals, arguing that his sentence is inappropriate. We affirm.

# Facts and Procedural History

[2] The State charged Prgomelja with four counts of Child Molesting, charged as Class A, Level 1, Class C, and Level 4 felonies.[2] Prgomelja entered a plea agreement with the State whereby the State would seek dismissal of the four counts and Prgomelja would instead plead guilty to Child Molesting, as a Level 3 felony. The agreement provided for a maximum sentence of ten years. Attached to the agreement was a stipulated factual basis stating that, in July 2016, Prgomelja molested his granddaughter—who was under the age of fourteen—at his residence by digitally penetrating a sex organ with his finger.

[3] A plea hearing was held in March 2018, at which (1) the State filed an amended charging information that contained the Level 3 felony count; (2) Prgomelja pleaded guilty to that count pursuant to the agreement; and (3) the trial court

---

[1] Ind. Code § 35-42-4-3(a).

[2] All of these felonies were charged under either Indiana Code Section 35-42-4-3(a)(1) or Indiana Code Section 35-42-4-3(b), although the Class A and Class C felony counts concerned allegations of conduct occurring prior to July 1, 2014, thereby falling under a different statutory framework.

took the plea under advisement. A sentencing hearing was held, and the trial court accepted the plea, dismissed the remaining counts, and imposed an executed sentence of nine years with one year suspended to probation.

[4]   Prgomelja now appeals.

# Discussion and Decision

[5]   Pursuant to Article 7 of the Indiana Constitution, as implemented by Indiana Appellate Rule 7(B), an appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). The appropriateness of a sentence turns on "myriad . . . factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). Moreover, the question is not whether a different sentence would be more appropriate; the question is whether the sentence imposed is inappropriate. *Helsley v. State*, 43 N.E.3d 225, 228 (Ind. 2015). As "sentencing is principally a discretionary function," *Cardwell*, 895 N.E.2d at 1222, we must give considerable deference to the court's decision—and that deference "should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)," *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). Ultimately, the

principal role of our review "is to attempt to leaven the outliers." *McCain v. State*, 88 N.E.3d 1066, 1067 (Ind. 2018) (per curiam).

[6] Regarding the offense, Prgomelja received the advisory sentence of nine years. *See* I.C. § 35-50-2-5 (providing that the sentencing range for a Level 3 felony is between three years and sixteen years, with an advisory sentence of nine years). Because the advisory sentence is the starting point that the legislature "has selected as an appropriate sentence for the crime committed," *Childress v. State*, 848 N.E.2d 1073, 1081 (Ind. 2006), the appellant "bears a particularly heavy burden in persuading us that his sentence is inappropriate when the trial court imposes the advisory sentence," *Fernbach v. State*, 954 N.E.2d 1080, 1089 (Ind. Ct. App. 2011), *trans. denied*.

[7] In seeking appellate revision of his sentence, Prgomelja does not argue—nor do we discern—anything about the nature of this offense that warrants a different sentence. Prgomelja instead attempts to portray his character in a positive light. Prgomelja—seventy-six years old at the time of sentencing—focuses much of his brief on his "advanced age and deteriorating health," Br. of Appellant at 7, but these are not virtuous character attributes indicative of an inappropriate sentence under Appellate Rule 7(B). Prgomelja otherwise directs us to his lack of prior contacts with the criminal justice system, his military service, and the letters of support from his son and pastor. Prgomelja also notes that he was willing to pay $300 per month toward his granddaughter's ongoing therapy bills—yet, she requires therapy because Prgomelja chose to betray a position of trust. Furthermore, to the extent Prgomelja asserts that his decision to plead

guilty reflects an acceptance of responsibility and conferred a benefit to both the victim and the State, we note that Prgomelja received a substantial benefit in return. Moreover, although Prgomelja directs our attention to his apology at the sentencing hearing, the trial court—standing in a better position to evaluate credibility—stated that it did not believe his apology "for a moment." Tr. at 43.

[8] Prgomelja has not persuaded us that the advisory sentence is inappropriate.[3]

[9] Affirmed.

Mathias, J., and Bradford, J., concur.

---

[3] Prgomelja asserts that, in its briefing, the State improperly drew upon information set forth in the probable cause affidavit. We do not address this contention as we have not considered the probable cause affidavit.